UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ODELL P. LAWSON, PLAINTIFF,

v.

PEPCO, DEFENDENT

CIVIL ACTION No. 10-0369 (ESH)

RECEIVED
MAY 18 2010
Clerk, U.S. District and Bankruptcy Courts

LET THIS BE FILED

## RESPONSE

Your Honorable, United States District Court Judge, Ellen Segal Huvelle, In Response to Defendent's, Pepco's "Motion to Dismiss" Dismiss, Civil Action No 10-0369 (ESH) for Improper Service and Failure to State a Claim Pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, I, Odell P. Lawson (Defendent) "Object" to the "Motion to Dismiss" on the following grounds, of Fairness and Defendent, Pepco, Failure to abide by an Agreement between Pepco and PHI Services Company and Local Union No. 1900 of the International Brotherhood of Electrical Workers, Effective May 30, 2007 (2007-2008), Page 17, Section 7.17., Paragraphs A and B which is attached and highlighted.

Addressing the Issue of Fairness, for what Reason Should Defendent, Pepco be allowed to "Break" the Rules of an Agreement made by Defendent, Potomac Electric Power Company and Local Union 1900 of the International Brotherhood of Electrical Workers Effective May 30, 2007 (2007-2008), but then Demand

That I Odell P. Lawson follow/adhere to the letter of the law, pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Procedure. Pepco, Defendant then refers to "Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) The Court of Appeals held that a District Court must take pains to advise a Pro Se Party of the consequences of failing to respond to a dispositive motion. "That notice... should include an explanation that the failure to respond... <u>may result</u> in the District Court granting the motion and dismissing the case". Id. at 509.

In relation to "Hurricane Katrina" what are/were the "<u>Consequences</u>" for Pepco (Defendant) not abiding by, adhering to the agreement made between Pepco and Local Union #1900 of the International Brotherhood of Electrical Workers, effective May 30, 2007, 2007-2008, Page 17, Section 7.17, Paragraphs A and B

- Page 17, Section 7.17 Paragraphs (a) and (b) "The employee in the appropriate job classification with the lowest amount of over-time hours charged shall normally be <u>first</u> considered for overtime work to be done taking into consideration/account the nature of the work, ability to perform such work within reasonable time limits and availability of the employee."

United States
Your Honorable District Judge Ellen Segal Huvelle I, Odell P. Lawson, was ready willing and waiting for Pepco Management to approach/ask me to be a part of/accompany PHI (Pepco Holdings Inc.) assessment team that went to Port Authur, Texas to assess damage/help restore power to areas affected by Hurricane Katrina. I was also senior to and had fewer hours than both Jeffery Linton & Renante Allen.

BUT WAS NEVER APPROACHED OR ASKED BY MANAGEMENT. BOTH JEFFREY LINTON AND RENANTE AKLAN WERE CHOSEN TO GO TO TEXAS. AS A RESULT OF NOT BEING ASKED, I, ODELL P. LAWSON VOLUNTEERED MY SERVICES TO THE D.C. ARMORY FOR THE THOUSANDS OF HURRICANE KATRINA VICTIMS THAT CAME TO WASHINGTON D.C. (A COPY OF MY ID IS ATTACHED.

I'VE FILED CHARGES WITH OUR UNION ON MONDAY OCTOBER 17, 2005, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, REPRESENTATIVES CAROL BURRELL (2) 872-2777, JIM GRIFFIN (703) 915-0783 AND JOE HAWKINS (301) 766-5023 AND HAVE NOT RECEIVED A REPLY

I'VE ALSO FILED CHARGES WITH THE OFFICE OF HUMAN RIGHTS AND MY CASE # 08-277-P(CN) WAS DISMISSED

I ALSO REFERRED TO THE STREET LIGHT CONVERSION FROM SERIES TO MULTIPLE, WHEN I, ODELL P. LAWSON WAS TRANSFERRED TO THE PRINCE GEORGE'S COUNTY REGION, "ILLEGALLY" FOR THE ENTIRE TIME, WHICH INVOLVED <u>NINE HUNDRED</u> PLUS HOURS OF OVERTIME. I WAS <u>FORCED</u> TO WORK IN PRINCE GEORGE'S COUNTY FOR THE ENTIRE CONVERSION. IT WAS DETERMINED BY OUR UNION IBEW, AN ARBITRATOR THAT I WAS TRANSFERRED TO PRINCE GEORGE'S ILLEGALLY. I WAS THEN TRANSFERRED BACK TO D.C. REGION - WHAT ARE "THE CONSEQUENCES" OF PEPCO <u>CONTINUALLY VIOLATING</u> MY WORKING/CIVIL RIGHTS ON JOB, WHEN THEY (PEPCO/DEFENDENT HAVE/HAD AN "<u>AGREEMENT</u>" WITH INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS".

IN BOTH INSTANCES, HURRICANE KATRINA, I WAS SENIOR TO JEFF LINTON, RENANTE AKLAN AND HAD FEWER HOURS THAN BOTH JEFF LINTON AND RENANTE AKLAN. (PLEASE SEE ATTACHED OVERTIME HOURS STATUS REPORT) AND WHEN

There is, has been a continuing pattern of "Pepco", Defendent trying to temporarily or permanently remove me, Odell P. Lawson, Plaintiff, from "Our" Section "Customer Design D.C.", as in the Street Light Conversion, from Series to Multiple, in D.C. or ignore my Presence/Seniority/Experience as in the Restoration of Power in Port Author, Texas

What are the "Consequences" for Pepco continually violating my Working/ Civil Rights on the Job?"

When it comes to long term projects that involve a lot of Overtime, I am Excluded

Your Honorable United States District Judge Ellen Segal Huvelle, Please make clear to Defendent Pepco that it as a Company or those employed by them are not above the law and there is an "Agreement" that both Pepco/PHI and the Union "IBEW" agreed upon that is Bonding.

So I, Odell P. Lawson, Plaintiff, submit this "Response" along with resubmitting my Original "Complaint" Dated March 5, 2010, Praying that You, Honorable United States District Judge Ellen Segal Huvelle would reconsider and proceed to allow me Odell P. Lawson, Plaintiff My Day In Court v. Pepco, Defendent

*[Signature]*

*[Notary signature]* 05.17.10
CAROLYN DALY
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 30, 2013

United States District Court For The District of Columbia

Odell P. Lawson
725 Taylor Street N.W.
Washington, D.C. 20011

v.

Pepco
701 9th Street N.W.
Washington, D.C.

Civil Action No. 10-0369 (ESH)

## Claim / Relief

- New truck with same accessories, equipment as Andre Alexander

- Overtime enough to clean up / complete back log of jobs I have

- An apology from Gary Nechocur, Fred S. Johnson, Chelho Ko, Rebecca Ehrlich, James Dudley, Jeffrey B. Linton, Travis D. White

- Court cost of $350.00 (Three Hundred Fifty /100)

- Six days of vacation lost because research, writing, meeting with attorney, compiling case

- $250,000.00 — Emotional Roller Coaster (Two Hundred Fifty Thousand Dollars) for Aggravation, Humiliation, Frustration, Embarrassment, Helplessness

05-12-10

CAROLYN DALY
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires November 30, 2013