## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ODELL P. LAWSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**POTOMAC ELECTRIC POWER**<br>**COMPANY,** )<br>)<br>**Defendant.** )<br>) | **Case No. 1:10-cv-00369-ESH** |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff's untimely opposition to Pepco's Motion to Dismiss fails to address a single argument raised in the motion or to provide any facts supporting the existence of a claim on which relief may be granted. The motion should be granted and the Complaint dismissed.

### PROCEDURAL HISTORY

Pepco filed its Motion to Dismiss on April 15, 2010. See Motion to Dismiss, Docket No. 2. The motion argued that the Complaint should be dismissed either for improper service of process under Federal Rule 12(b)(5), or for failure to state a claim for employment discrimination or harassment under Federal Rule 12(b)(6). Plaintiff had until May 17, 2010 to oppose Pepco's motion, see Order of Apr. 15, 2010 ("Order"), Docket No. 5, but he did not file or serve his Opposition by that date. See Opposition, Docket No. 8. 1/

---

1/  Almost immediately after Pepco's motion was filed, this Court entered an order instructing Plaintiff to respond to the motion by May 17, 2010, or to seek an extension of time to respond. See Order, at 1. The Order explained that if Plaintiff failed to respond in a timely manner, the Court may treat the motion as conceded and dismiss the Complaint. See id. Defendant was served with Plaintiff's Opposition on May 21, 2010 via the Court's

The bulk of Plaintiff's untimely Opposition is simply a duplication of the Complaint he filed in this Court in March 2010.  <u>See</u> Opposition Ex. 1, at 4-35.  In the few new pages, Plaintiff does not address any of the arguments in Pepco's Motion to Dismiss. Instead, Plaintiff asserts a new claim not raised in the Complaint – that Pepco has breached the collective bargaining agreement with the union representing its employees by failing to provide Plaintiff with sufficient opportunity for overtime work.  <u>See</u> Opposition, at 1-4; Opposition Ex. 1, at 2.

## ARGUMENT

I.       <u>The Motion To Dismiss Should Be Deemed Conceded And Thus Granted.</u>

The Court should treat the Motion to Dismiss as conceded on either of two grounds: (i) Plaintiff did not timely oppose the motion, and (ii) even if he did, he did not address any of Pepco's arguments for dismissal.

A.       **The motion was conceded because the Opposition was untimely.**

Plaintiff was required to file an opposition to Pepco's Motion to Dismiss by May 17, 2010.  As noted above, the Opposition was neither filed nor served by the deadline. <u>See</u> Opposition, at 1.  Where a plaintiff fails to provide a timely response to a motion to dismiss, the court may treat the motion as conceded and dismiss the complaint.  <u>See, e.g.</u>, <u>F.D.I.C. v. Bender</u>, 127 F.3d 58, 67-68 (D.C. Cir. 1997); <u>Inst. for Policy Studies v. United States Cent. Intelligence Agency</u>, 246 F.R.D. 380, 386 (D.D.C. 2007); <u>see also</u> Local Civil Rule 7(b) (giving court authority to treat an untimely opposition to a motion as conceded). Indeed, courts routinely refuse to accept untimely filings even where the delay is minor and no prejudice would result.  <u>Inst. for Policy Studies</u>, 246 F.R.D. at 382.

---

electronic case filing system.  <u>See</u> Opposition, at 1.  The document was filed on May 20, although it appears to have been received by the Court on May 18.  <u>See id.</u>

**B.     The motion was conceded because Plaintiff failed to address any of Pepco's arguments.**

Alternatively, the Court should grant Pepco's motion because Plaintiff failed to respond to any of Pepco's arguments.

Pepco's Motion to Dismiss set forth several arguments for dismissal of the Complaint. Pepco argued that it was never properly served with the Complaint, and thus that dismissal was warranted under Federal Rule 12(b)(5). See generally Motion to Dismiss, at 6-7. It also argued that the Complaint failed to state a claim under Rule 12(b)(6). Although the Complaint appeared to be alleging claims under Title VII, Plaintiff never articulated any facts supporting a claim for unlawful discrimination, harassment, or retaliation. He did not allege membership in a protected class; the majority of his allegations involved petty workplace slights that do not amount to adverse employment actions or harassment as a matter of law; and even if he did allege an adverse action, nowhere did he claim that the adverse action was based on unlawful discrimination. See generally id. at 8-13. In any event, Pepco argued that most of the allegations in the Complaint are either barred by the statute of limitations or warrant dismissal because Plaintiff did not exhaust his administrative remedies under Title VII. See generally id. at 13-15.

Plaintiff does not attempt to address any of these arguments. Where a plaintiff fails to address arguments raised in a motion to dismiss, the court may treat those arguments as conceded. See U.S. v. Real Property Identified as: Parcel 03179-005R, 287 F. Supp. 2d 45, 61 (D.D.C. 2003); Hopkins v. Women's Div., Gen. Bd. of Global Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002). This rule applies even if the result is dismissal of the entire case. See Fox v. Am. Airlines, Inc., No. 02-2069 (RMU), 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003). Because Pepco moved to dismiss the entire Complaint, and because Plaintiff has failed to respond to any of Pepco's arguments for dismissal, the motion should be deemed conceded and the Complaint dismissed in its entirety.

II.        **The Complaint Should In Any Event Be Dismissed Because Plaintiff Has Failed To State Any Claim On Which Relief May Be Granted.**

Even if the Court does not treat the Motion to Dismiss as conceded, it should grant the motion in any event because Plaintiff has not cited any facts in his Opposition supporting a claim on which relief may be granted.

A.        **The Court should not consider Plaintiff's new breach of contract claim.**

Rather than attempting to refute the various arguments Pepco raised in its Motion to Dismiss, Plaintiff for the first time contends that Pepco has failed to abide by the terms of the collective bargaining agreement ("CBA") between Pepco and Local 1900 of the International Brotherhood of Electrical Workers, the union representing some of Pepco's employees ("Union"). See Opposition, at 1. Specifically, Plaintiff claims that Pepco failed to comply with Section 7.17 of the CBA, which states, "The employee in the appropriate job classification with the lowest amount of charged overtime hours shall normally be first considered for overtime work to be done taking into account the nature of the work, ability to perform such work within reasonable time limits and availability of the employee." See Opposition Ex. 1, at 2. Plaintiff claims that on two separate occasions – the first following Hurricane Katrina, and the second involving a street light conversion – he was not selected for overtime work in violation of this provision. See Opposition, at 2-3.

This Court has repeatedly held that a plaintiff may not amend his complaint to survive a motion to dismiss by asserting new claims in his opposition brief. See, e.g., Coll. Sports Council v. Gov't Accountability Office, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006); Arbitraje Casa de Cambio v. United States Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003). Plaintiff's breach of contract claim relating to the CBA was not raised anywhere in his Complaint, and thus it should not be considered in deciding the Motion to Dismiss.

The Complaint set forth numerous allegations relating to allegedly unfair treatment of Plaintiff by Pepco employees, including denied work opportunities and favoring employees with less experience and more overtime hours. See Compl. at 14, 24-25. Although Plaintiff makes a vague reference to "Union Guidelines" regarding the selection of individuals for overtime work, see id. at 25-26, nowhere in the Complaint did Plaintiff allege the existence of a collective bargaining agreement between Pepco and the Union, point to specific provisions in the CBA regarding overtime, or claim that Pepco's denying him overtime constituted violation of the CBA. Indeed, the allegations of favoritism and isolation were alleged to be the result of "bias" and "discrimination," see id. at 24-25, further suggesting that Plaintiff was claiming that being denied work opportunities constituted a violation of Title VII, not breach of contract.

Even were the Court to construe Plaintiff's pleading liberally, Plaintiff is required to give Pepco fair notice of what his claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Where Plaintiff did not allege the existence of the CBA or breach of the CBA in his Complaint, Pepco cannot be required to assume that vague references to the Union, coupled with claims of favoritism, isolation, and discrimination by Pepco management, are actually an attempt to claim that Pepco has violated the CBA provision relating to overtime. Plaintiff's breach of contract claim was raised for the first time in the Opposition, and accordingly, it should not even be considered in deciding the Motion to Dismiss.

> **B.      Even if the Court considers Plaintiff's new claim, it also fails to state a claim on which relief may be granted.**

> 1.      Preemption and exhaustion of remedies.

Plaintiff's new breach of contract claim premised on the CBA is preempted by Section 301(a) of the Labor Management Relations Act ("LMRA"), which allows suits for violation of contracts between an employer and a union to be brought in federal district court.

29 U.S.C. § 185(a). Section 301(a) preempts claims that are substantially dependent on an analysis of the terms of the CBA. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985). Plaintiff claims that Pepco violated Section 7.17 of the CBA by failing on two occasions to offer him overtime despite his having fewer overtime hours than other employees. Because the Court must construe the CBA to resolve this claim, the claim is preempted by the LMRA. See Bush v. Clark Constr. & Concrete, 267 F. Supp. 2d 43, 46 (D.D.C. 2003) (claim for recovery of wages under CBA preempted by Section 301 of LMRA).

Section 301 embodies a "national labor policy" that encourages "private rather than judicial resolution of disputes arising over collective bargaining agreements." Id. (citing Majewski v. B'Nai B'Rith Int'l, 721 F.2d 823, 826 (D.C. Cir. 1983)). It is well-settled that where a CBA contains procedures for resolving disputes between employees and the employer – such as grievance and arbitration procedures – the employee must exhaust those internal remedies. Clayton v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., 451 U.S. 679, 686 (1981); Republic Steel v. Maddox, 379 U.S. 650, 652 (1960). Unless the CBA clearly states otherwise, the grievance/arbitration procedures of a CBA are the employee's exclusive remedy. See, e.g., Commc'ns Workers of Am. v. Am. Telephone & Telegraph Co., 40 F.3d 426, 435 (D.C. Cir. 1994) ("Federal labor policy establishes a heavy presumption in favor of mandatory arbitration of disputes under [CBA's], unless the agreement expressly provides that arbitration is not the exclusive remedy"). 2/

The CBA between Pepco and the Union contains a three-step grievance/arbitration procedure for resolving disputes arising under the contract. See CBA,

---

2/      The only exception to this exhaustion rule occurs when the union representing the employee has the sole power under the contract to invoke the grievance procedure, and the employee has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process his grievance. See Cephas v. MVM, Inc., 403 F. Supp. 2d 17, 20-21 (D.D.C. 2005). Under these circumstances, an employee can proceed with a hybrid Section 301/breach of the duty of fair representation claim against either the employer or the union (or both) without exhausting his remedies. Id.

attached hereto as Exhibit 1, at 43-46. 3/ Steps 1 and 2 provide for meetings and other

communications between the relevant parties in an attempt to resolve the grievance. See id.

at 44. If the grievance remains unresolved after Step 2, the third step is arbitration, where the

decision of the arbitrator is final and binding upon both parties. Id. at 45-46. These

procedures – and not an action in this Court – are Plaintiff's exclusive remedy for any claim

arising under the agreement. For this reason, and as explained further below, both of his

claims for breach of the overtime provision must fail.

 2. Hurricane Katrina claim.

 Plaintiff first claims that he was improperly denied overtime work in the

aftermath of Hurricane Katrina. See Opposition, at 2-3. He claims that he "filed charges

with [the] Union on Monday October 17, 2005," but that he has not received a reply. Id. at 3.

It is not clear whether Plaintiff is alleging that the Union filed a grievance on Plaintiff's

behalf in 2005, or that he complained to the Union about Pepco's conduct in 2005. Either

way, his claim fails.

 If a grievance was filed on Plaintiff's behalf by the Union, then he has not

satisfied his exhaustion requirement because all steps of the dispute resolution procedures

must be completed, and he has not alleged that he proceeded past the grievance stage. See,

e.g., Suzal v. Dir., United States Info. Agency, 32 F.3d 574, 583-84 (D.C. Cir. 1994) (where

plaintiff undertook first step of grievance procedure but did not complete the remaining steps,

LMRA claim dismissed for failure to exhaust remedies under collective bargaining

agreement). If Plaintiff is claiming only that he filed a complaint about Pepco's conduct with

the Union, then his claim fails because he has not proceeded through any of the

---

3/ If the Court considers Plaintiff's LMRA claim, it will essentially be treating the claim
as having been alleged in the Complaint. Because the Complaint would thus necessarily rely
on the CBA, Pepco can attach – and the Court can consider – additional relevant provisions
of the CBA without converting the motion into one for summary judgment under Rule 56.
See Hinton v. Connections Corp. of Am., 624 F. Supp. 2d 45, 46 (D.D.C. 2009).

grievance/arbitration steps in the CBA. 4/ Accordingly, to the extent the Court considers it, the claim relating to the Hurricane Katrina incident should be dismissed.

### 3. Street light conversion claim.

Plaintiff further alleges that Pepco breached the CBA by denying him the opportunity to work overtime on a street light conversion project and instead transferring him to work on a project in Prince George's County. See Opposition, at 3. He then claims that "[i]t was determined by our Union IBEW, an arbitrator, that I was transferred illegally. I was then transferred back to D.C. region." Id. It is not clear whether Plaintiff is alleging that the Union believed he was improperly transferred, or that an arbitration was held (presumably at the conclusion of the grievance/arbitration process) and the arbitrator found the transfer to be improper. Once again, however, the distinction does not matter and his claim fails either way. If Plaintiff intended to allege that the Union believed the transfer was improper, his claim should be dismissed because the Union's belief cannot substitute for the requirement that he exhaust all of the grievance/arbitration procedures. If he intended to allege that the grievance/arbitration procedures were completed and an arbitrator held in his favor, then he has no further remedy in this Court because the decision of the arbitrator is final and binding and constitutes his exclusive remedy. See Commc'ns Workers of Am., 40 F.3d at 435. For these reasons, the claim relating to the street light conversion should be dismissed as well.

---

4/     To the extent Plaintiff's allegation that the Union never replied to his complaint is an attempt to assert a claim for breach of the duty of fair representation, such a claim should still be dismissed because it is untimely. Plaintiff's complaint to the Union about not receiving overtime work in October 2005 is barred by the six-month statute of limitations for hybrid Section 301/fair representation claims. See Sokos v. Hilton Hotels Corp., 283 F. Supp. 2d 42, 53 n.6 (D.D.C. 2003) (where plaintiff filed an oral grievance with the union and learned that the union did not want to pursue it, hybrid Section 301/fair representation claim brought more than six months after oral complaint was dismissed as untimely).

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2010, a true and accurate copy of the foregoing Defendant's Reply in Support of its Motion to Dismiss was mailed, first class mail, postage prepaid, to:

> Odell P. Lawson
> 725 Taylor Street, N.W.
> Washington, D.C.  20011
>
> *Pro se* Plaintiff

> _____    /s/ Christine M. Burke_____
> Christine M. Burke